1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6                                          )
                                           )
7    In re OMNIVISION TECHNOLOGIES, INC.)      No. C-04-2297 SC
                                           )
8    and related cases.                    )
                                           )
9                                          )   ORDER RE: DEFENDANTS'
                                           )   MOTION TO DISMISS THE
10                                         )   SECOND CONSOLIDATED
                                           )   AMENDED COMPLAINT
11   _____)

12   **I.  INTRODUCTION**

13        Lead Plaintiffs ("Plaintiffs") have brought this class action

14   against Defendant OmniVision Technologies, Inc. ("OmniVision") and

15   Individual Defendants Shaw Hong, Raymond Wu, H. Gene McCown, and

16   John Rossi ("Individual Defendants").  Defendants seek dismissal

17   of the Second Consolidated Amended Complaint ("SCAC") in its

18   entirety pursuant to Federal Rules of Civil Procedure 9(b) and

19   12(b)(6) and the Private Securities Litigation Reform Act, 15

20   U.S.C. § 78u-4 ("PSLRA").  For the reasons described herein, the

21   Court hereby DENIES the Motion in its entirety.

22   **II.  BACKGROUND**

23        OmniVision is a Delaware corporation headquartered in

24   Sunnyvale, California.  Motion at 3.  OmniVision develops and

25   sells semiconductor image sensor devices used in mobile phones,

26   digital still cameras, and video game consoles.  Id.  Individual

27   Defendants are directors and officers at OmniVision.  Id.

28

**United States District Court**
For the Northern District of California

1     On June 9, 2004, OmniVision announced that it was carrying

2  out a review of previously released financial results.  Id.  The

3  review dealt with improper revenue recognition methods.  Although

4  the review was expected to lead to an upward revision of the

5  financial results for certain quarters, damage to confidence in

6  OmniVision's accounting practices led to a sharp sell-off in its

7  stock.  Opposition at 2.  OmniVision eventually restated its

8  financial results for the quarters ended July 31, 2003; October

9  31, 2003; and January 31, 2004.  Motion at 4.

10     The class period runs from June 11, 2003 to June 9, 2004.

11  SCAC at 1.  Plaintiffs allege that over this period preceding the

12  June 9, 2004 announcement, Defendants deliberately delayed

13  recognition of certain revenues and income so as to smooth out

14  OmniVision's earnings and mask the impact of competition on its

15  growth rate.  Id.  Plaintiffs also allege that the Individual

16  Defendants sold significant amounts of stock at prices that were

17  artificially inflated because of the earnings manipulation.  Id.

18  at 2.

19     The Second Consolidated Amended Complaint puts forth two

20  causes of action.  The first is brought against all Defendants

21  pursuant to Section 10(b) of the Securities Exchange Act of 1934.

22  The second is brought against the Individual Defendants pursuant

23  to Section 20(a) of the Act.

24  III.  **LEGAL STANDARD**

25     Under Rule 12(b)(6) of the Federal Rules of Civil Procedure,

26  a party may move for dismissal "for failure to state a claim upon

27  which relief can be granted."  When presented with a motion to

28                                2

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   dismiss, "[a]ll allegations of material fact are taken as true and

2   construed in the light most favorable to the nonmoving party."

3   Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th

4   Cir. 1997).  "[A] complaint should not be dismissed for failure to

5   state a claim unless it appears beyond doubt that the plaintiff

6   can prove no set of facts in support of his claim which would

7   entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46

8   (1957); see also Gompper v. VISX, Inc., 298 F.3d 893, 896 (9th

9   Cir. 2002).

10   Defendants also rely on Rule 9 of the Federal Rules of Civil

11   Procedure to support their Motion.  Rule 9 states, "In all

12   averments of fraud or mistake, the circumstances constituting

13   fraud or mistake shall be stated with particularity."

14   Plaintiffs' claims are brought pursuant to Sections 10(b) and

15   20(a) of the Exchange Act.  The PSLRA controls the pleading

16   standards for these claims.  In re Silicon Graphics, 183 F.3d 970,

17   973 (9th Cir. 1999).  Under the PSLRA, a plaintiff "must plead, in

18   great detail, facts that constitute strong circumstantial evidence

19   of deliberately reckless or conscious misconduct."  Id. at 974.

20   More specifically, a plaintiff "is required to state with

21   particularity all facts giving rise to a 'strong inference' of the

22   required state of mind."  Id. at 983.

23   The Court notes that "an inevitable tension arises between

24   the customary latitude granted the plaintiff on a motion to

25   dismiss under Fed. R. Civ. P. 12(b)(6), and the heightened

26   pleading standard set forth under the PSLRA."  Gompper, 298 F.3d

27   at 896.  The Ninth Circuit, resolving this tension with a tilt

28

United States District Court
For the Northern District of California

1  toward the heightened pleading standard of the PSLRA, has stated

2  that "to consider only inferences favorable to [plaintiffs']

3  position would be to eviscerate the PSLRA's strong inference

4  requirement."  Id. at 896.  Rather than considering only

5  inferences in favor of plaintiffs, "the court must consider *all*

6  reasonable inferences to be drawn from the allegations, including

7  inferences unfavorable to the plaintiffs." (emphasis in original)

8  Id. at 897.  In other words, "[t]he heightened pleading

9  requirements of the Private Securities Litigation Reform Act are

10  an unusual deviation from the usually lenient requirements of

11  federal rules pleading."  Ronconi v. Larkin, 253 F.3d 423, 437

12  (9th Cir. 2001).  As stated in Ronconi, "[f]or a securities fraud

13  case based on false statements to survive a motion [to dismiss],

14  the pleading has to state particularized facts that, taken as a

15  whole, raise a strong inference that defendants intentionally or

16  with deliberate recklessness made false or misleading statements

17  to investors."  Id.

18  **IV.  DISCUSSION**

19     "To avoid dismissal under the PSLRA, the Complaint must

20  specify each statement alleged to have been misleading [and] the

21  reason or reasons why the statement is misleading ..."  Nursing

22  Home Pension Fund v. Oracle Corp., 380 F.3d 1226, 1230 (9th Cir.

23  2004) (internal citations and quotations omitted).  "In addition,

24  the PSLRA requires that the Complaint state with particularity

25  facts giving rise to a strong inference that the defendant acted

26  with the required state of mind, or scienter."  Id.  (internal

27  citations and quotations omitted).  A complaint must be dismissed

28

4

**United States District Court**
For the Northern District of California

1    if either of these two prongs are not met.  Id.  Defendants assert

2    that Plaintiffs have failed to meet both prongs.  Furthermore,

3    Defendants assert that the individual defendants are not liable

4    for any statements that they did not make.  Finally, Defendants

5    assert that Plaintiffs failed to allege that their economic losses

6    were caused by OmniVision's restatements.  The Court will consider

7    each of these arguments in turn.

8         A.    Whether the Complaint describes misleading statements

9         It is undisputed that OmniVision engaged in revenue

10   recognition practices which resulted in a restatement of revenues

11   and earnings for the financial reporting periods covered by the

12   class period.  Motion at 3-5.  OmniVision eventually restated

13   earnings results for the quarters ended July 31, 2003; October 31,

14   2003; and January 31, 2004.  Motion at 4.  Given that the

15   financial results for these periods were restated, the originally

16   announced results were clearly misleading.  "Properly pled,

17   overstating of revenues may state a claim for securities fraud

18   ..."  Hockey v. Medhekar, 30 F. Supp. 2d 1209, 1216 (N.D. Cal.

19   1998).  Here, the allegations concern understating of revenue, but

20   Defendants' argument that there is a distinction between

21   overstatements and understatements of revenue is simply not

22   credible.  The one third drop in OmniVision's stock price on June

23   9, 2004 overwhelmingly demonstrates that the investing community

24   finds improper revenue recognition incidents to be serious matters

25   regardless of the direction of the improper recognition.

26   Therefore, this Court holds that Plaintiffs have sufficiently

27   plead facts showing that Defendants issued misleading statements.

28                                   5

1   Of course, this alone cannot defeat dismissal.  "[T]he mere

2   publication of inaccurate accounting figures, or a failure to

3   follow GAAP, without more, does not establish scienter."  <u>Provenz</u>

4   <u>v. Miller</u>, 102 F.3d 1478, 1490 (9th Cir. 1996) (internal citations

5   and quotations omitted).  As discussed in the following section,

6   the Court finds that the allegations of scienter are sufficient to

7   defeat dismissal.

8        B.   <u>Whether the Complaint alleges scienter</u>

9        As a preliminary matter, the Court notes the connection

10   between a § 10(b) claim and a § 20(a) claim.  "Scienter is an

11   essential element of a § 10(b) or Rule 10b-5 claim.  And to

12   prevail on their claims for violations of § 20(a) ..., plaintiffs

13   must first allege a violation of § 10(b) or Rule 10b-5.  Absent

14   pleading scienter with particularity, there can be no liability"

15   on either the § 10(b) claim or the § 20(a) claim.  <u>Lipton v.</u>

16   <u>Pathogenesis Corp.</u>, 284 F.3d 1027, 1035 (9th Cir. 2002) (internal

17   citations and quotations omitted).  In other words, dismissal of

18   the § 10(b) claim necessitates dismissal of the § 20(a) claim as

19   well.  Similarly, allegations sufficient to support a § 10(b)

20   claim provide strong support for a corresponding § 20(a) claim.

21   Therefore, the Court will focus its analysis on the § 10(b) claim.

22        Turning to the legal definition of the element of scienter

23   applicable here, the PSLRA's "required state of mind," in 15

24   U.S.C. § 78u-4(b)(2), "refers to the scienter requirement

25   applicable to [a section 10b claim]."  <u>In re Silicon Graphics</u>, 183

26   F.3d at 975.  The PSLRA states, "In any private action arising

27   under this title in which the plaintiff may recover money damages

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    only on proof that the defendant acted with a particular state of

2    mind, the complaint shall ... state with particularity facts

3    giving rise to a strong inference that the defendant acted with

4    the required state of mind."  15 U.S.C. § 78u-4(b)(2).  The Ninth

5    Circuit has held that "the PSLRA language that the particular

6    facts must give rise to a strong inference of the required state

7    of mind [means] that the evidence must create a strong inference

8    of, at a minimum, 'deliberate recklessness.'"  In re Silicon

9    Graphics, 183 F.3d at 977 (internal quotations omitted).  A

10   plaintiff bringing a claim controlled by the PSLRA, as Plaintiffs

11   do here, "can no longer aver intent in general terms of mere

12   'motive and opportunity' or 'recklessness,' but rather, must state

13   specific facts indicating no less than a degree of recklessness

14   that strongly suggests actual intent."  Id. at 979.

15        "Scienter can be established by direct or circumstantial

16   evidence."  Provenz, 102 F.3d at 1490.  The preferable way for a

17   plaintiff to show scienter is by putting forth contemporanous

18   reports or data which contradict the allegedly misleading

19   statements.  Nursing Home Pension Fund, 380 F.3d at 1230.

20   Plaintiffs here have put forth a variety of arguments to support

21   their allegations of scienter.  For example, Plaintiffs allege

22   that "the restatement and GAAP violations create an inference of

23   scienter."  Opposition at 10.  However, as stated above, "the mere

24   publication of inaccurate accounting figures, or a failure to

25   follow GAAP, without more, does not establish scienter."  Provenz,

26   102 F.3d at 1490.  Alternatively, Plaintiffs suggest that

27   OmniVision's muddled explanations of its improper accounting at

28
                                    7

**United States District Court**
For the Northern District of California

1   the time of the restatement and its unstable upper management

2   ranks during the class period support an inference of scienter.

3   Opposition at 14-16.   However, the Court finds these arguments to

4   be insufficient under the heightened pleading requirements of the

5   PSLRA.

6        An alternative method of showing an inference of scienter

7   involves insider trading data.   "[I]nsider trading in suspicious

8   amounts or at suspicious times is probative of scienter."

9   Provenz, 102 F.3d at 1491 (internal citations and quotations

10  omitted).   Generally speaking, under Ninth Circuit law, "[s]tock

11  trades are only suspicious when dramatically out of line with

12  prior trading practices at times calculated to maximize the

13  personal benefit from undisclosed inside information."   Nursing

14  Home Pension Fund, 380 F.3d at 1232 (internal citations and

15  quotation omitted).   "To evaluate suspiciousness of stock sales,

16  [a court considers] three factors: (1) the amount and percentage

17  of shares sold; (2) timing of the sales; and (3) consistency with

18  prior trading history."   Id.

19       Plaintiffs have detailed a series of stock sales by the

20  Individual Defendants.   For example Defendant Hong sold 18% of his

21  shares during the class period, but only 7% of his shares in the

22  year earlier period.   SCAC at 43.   Defendant Wu sold 64% of his

23  shares in the class period, but only 29% of his shares in the year

24  earlier period.   Id.   Defendants McCown and Rossi sold 100% of

25  their shares during the class period.   Id. at 44.   These

26  percentages, the timing, and the inconsistency with prior trading

27  history all support a finding of an inference of scienter for

28                                      8

**United States District Court**
For the Northern District of California

1   purposes of this Motion.  In particular, two of the Individual

2   Defendants more than doubled the relative proportion of their

3   shares they sold during the class period.  The other two simply

4   sold all of their shares.  The Court finds that these sales meet

5   the "dramatically out of line" standard described in <u>Nursing Home</u>

6   <u>Pension Fund</u>.

7       The Court recognizes that "credible and wholly innocent

8   explanations for stock sales, ranging from long-standing programs

9   of periodic divestment, to the need to free cash to meet matured

10  tax liabilities [if unrebutted] are sufficient to defeat any

11  inference of bad faith."  <u>Provenz</u>, 102 F.3d at 1491 (internal

12  citations and quotations omitted).  Tellingly, Defendants have

13  offered no such explanations. Reply at 12-13.  Rather, Defendants

14  rely on their misconstrued theory that because this case involves

15  earnings understatements, instead of overstatements, insider sales

16  are not indicative of scienter.  For example, Defendants state,

17  "If, in fact, defendants were causing financial results (and hence

18  OmniVision's stock price) to be artificially deflated in the

19  current period, so that it would be higher in future periods,

20  there would be no reason to sell stock in the current period."

21  Reply at 12.  This statement is a dramatic misconception of how

22  stock markets function as demonstrated by the movement of

23  OmniVision's stock on June 9, 2004.  Clearly, the investing

24  community does not view improper revenue recognition resulting in

25  understated earnings in the same light as Defendants because the

26  share price of OmniVision fell by approximately one third on June

27  9, 2004 when the company first announced its accounting problems.

28

**United States District Court**
For the Northern District of California

1    In light of the above, the Court finds that Plaintiffs have

2  demonstrated an inference of scienter sufficient to meet the

3  heightened pleading requirements of the PSLRA and defeat this

4  Motion to Dismiss.

5    C.    <u>Individual defendants' liability for others' statements</u>

6    The parties disagree over the applicability and extent of the

7  "group pleading doctrine."  Under the group pleading doctrine,

8  there is "a presumption that the allegedly false and misleading

9  'group published information' complained of is the collective

10  action of officers and directors."  <u>Berry v. Valence Tech.,</u>

11  <u>Inc.</u> 175 F.3d 699, 706 (9th Cir. 1999).  The Court has found no

12  case law to suggest that this doctrine does not apply here.  It is

13  true that the Ninth Circuit has limited the doctrine in cases of

14  directors' liability to situations where a director participated

15  in day-to-day corporate control or had some other special

16  relationship with the corporation.  <u>Id.</u>  However, this limitation

17  is moot here since all four Individual Defendants were executives

18  with day-to-day responsibilities at OmniVision.  Therefore, the

19  Court holds that at this time the group pleading doctrine does

20  apply.  However, with respect to Defendants McCown and Rossi, who

21  were CFOs of OmniVision for different sub-periods of the class

22  period, the Court cautions Plaintiffs that the potential liability

23  of an Individual Defendant for statements attributable to the

24  corporation or other individuals is limited by when that defendant

25

26

27

28                                10

**United States District Court**
For the Northern District of California

1    served in a position encompassed by the group pleading doctrine.[1]

2           D.    <u>Whether complaint alleges economic losses</u>

3           On April 20, 2005, Defendants' original Motion to Dismiss was

4    vacated by this Court subsequent to the Supreme Court's holding in

5    <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 125 S. Ct. 1627, 161 L. Ed.

6    2d 577, 2005 U.S. LEXIS 3478 (April 19, 2005), that plaintiffs in

7    a securities fraud action must show that they "suffered actual

8    economic loss."  An "'artificially inflated purchase price' is not

9    itself a relevant economic loss."  <u>Id.</u> *19.  Rather, where the

10   facts suggest that false or misleading statements led to an

11   artificially inflated purchase price, the complaint cannot fail to

12   allege that the "share price fell significantly after the truth

13   became known."  <u>Id.</u>

14          Plaintiffs' Amended Complaint of November 23, 2004 merely

15   alleged that "members of the Class acquired OmniVision securities

16   during the Class Period at artificially high prices and were

17   damaged thereby."  Consolidated Complaint at 42.  This was

18   insufficient under <u>Broudo</u>.  The Second Consolidated Amended

19   Complaint now before the Court alleges, "Plaintiffs purchased

20   OmniVision securities at artificially inflated prices and suffered

21   damages when revelation of the true facts caused a decline in the

22

23        [1] As to the attempt to limit Defendant Wu's liability, the
     argument put forward by Defendants is at best unclear.  Defendants
24   state, "Contrary to the [Complaint], with the exception of the 2003
     10-K and the secondary offering documents, Mr. Wu did not sign any
25   of the SEC filings challenged by plaintiffs."  Motion at 23.  These
     are two rather large exceptions.  While the Court recognizes that
26   the 2003 10-K concerned past results which did not fall within the
     class period, clearly the secondary offering documents were
27   concerned with revenue recognition methods during the class period.

28                                      11

**United States District Court**
For the Northern District of California

1    value of their investments." SCAC at 49.  The Court finds this to

2    be a sufficient allegation of economic loss as required under the

3    <u>Broudo</u> standard described above.

4    **V.    CONCLUSION**

5         The PSLRA and Rule 9(b) of the Federal Rules of Civil

6    Procedure require a heightened standard of pleading and

7    particularity with regard to securities class actions.  Here,

8    these pleading requirements are met by the Second Consolidated

9    Amended Complaint.  It is uncontested that Defendant OmniVision

10   engaged in accounting procedures which led to earnings

11   restatements for several periods.  It is also uncontested that the

12   executives in charge at the time engaged in a pattern of share

13   sales that was distinguishable from earlier sales.  While these

14   facts alone do not prove by themselves any liability on the part

15   of the entity or Individual Defendants, the Court holds them to be

16   sufficient to defeat the instant Motion.  Therefore, the Court

17   DENIES Defendant's Motion to Dismiss in its entirety.  It is

18   further ordered that the parties are to appear on September 16,

19   2005 at 10 a.m. in Courtroom Number 1 for a status conference.

20   The parties are to file one joint status conference statement 7

21   days prior to the conference.

22        IT IS SO ORDERED.

23        Dated: July _29_, 2005

24

25                                    _/s/ Samuel Conti_____

26                                    UNITED STATES DISTRICT JUDGE

27

28
                                     12