DOUGLAS J. CLARK, State Bar No. 171499
CYNTHIA A. DY, State Bar No. 172761
CAMERON P. HOFFMAN, State Bar No. 229316
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

JENNY L. DIXON, State Bar No. 192638
CLAUDIA N. MAIN, State Bar No. 212200
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Attorneys for Defendants
OMNIVISION TECHNOLOGIES, INC.,
SHAW HONG, RAYMOND WU,
H. GENE McCOWN and JOHN T. ROSSI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re OMNIVISION TECHNOLOGIES, INC.

This Document Relates To:
04-2297-SC (*Vince*);
04-2298–SC (*Campagnuola*);
04-2385-SC (*Greenfield*);
04-2410-SC (*Paul Lee Associates LLC*);
04-2419-SC (*McMillan*);
04-2425-SC (*Cheung*);
04-2433-SC (*Gamero*);
04-2474-SC (*Van Waay*);
04-2514-SC (*Glantz*);
04-2525-SC (*Starr*);
04-2570-SC (*Jewell*); and
04-4350-SC (*Schroeder*).

MASTER FILE NO.: C-04-2297 SC

**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

Case 3:04-cv-02297-SC Document 156 Filed 11/07/2005 Page 2 of 14

1. PURPOSES AND LIMITATIONS

Disclosure and discovery in this action may involve the production of information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, attempting to settle or setting this litigation would be warranted under applicable law. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulation and [Proposed] Protective Order Regarding Confidentiality ("Protective Order"). The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items entitled to treatment as confidential under the applicable legal principles. The Parties further acknowledge as set forth in Section 11, below, that the Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party. Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items. Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the standards developed under FED. R. CIV. P. 26(c).

2.4 Receiving Party. A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party. A Party or third-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party. A Party or third-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material. Any Disclosure or Discovery Material that is designated as "Confidential."

2.8 Outside Counsel. Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 House Counsel. Attorneys who are employees of a Party.

2.10 Counsel (without qualifier). Outside Counsel and House Counsel (as well as their support staffs).

2.11 Expert. A person with specialized knowledge or experience in a matter pertinent to the litigation retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, provided that such person is not a current or anticipated to become an employee of a Party or of a competitor of any Party (as listed in Exhibit B), has not been an employee of OmniVision Technologies, Inc. since December 31, 2000, and has not been a consultant to or contractor for OmniVision Technologies, Inc. since June 9, 2004. This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

2.12 Professional Vendors. Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protection conferred by this Protective Order covers not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies excerpts, summaries, or compilations thereof, testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 General Considerations When Designating Material for Protection. Designation of information or items for protection under this Protective Order must be limited to specific material that qualifies under the standards set forth herein. A Designating Party must take care to designate for protection only those parts of material, documents or items that qualify. If it comes to a Designating Party's attention that information or items that it designated for protection either do not qualify for the level of protection initially asserted, or for any protection at all, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided herein, or as otherwise ordered, material that qualifies for protection under this Order must be clearly designated before it is disclosed or produced. Designations in conformity with this Order require:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party shall affix the legend "Confidential" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriated markings in the margins).

(b) For testimony given in deposition or in other pretrial or trial proceedings, that before the close of the deposition, hearing, or other proceeding, the Party or non-party offering or sponsoring the testimony shall identify on the record all protected testimony and further specify any portions of the testimony that qualify as "Confidential." When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection under the standards set forth herein within the thirty (30) days shall be covered by the provisions of this Protective Order. Upon request of a Designating Party, transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 Inadvertent Failures to Designate. Inadvertent failure to identify documents or things as "Confidential" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Designating Party discovers that information should have been but was not designated "Confidential" or if the Designating Party receives notice that would enable the Designating Party to learn that it has disclosed such information, the Designating Party must immediately notify all other parties. In such event, within thirty (30) days of notifying all other parties, the Designating party must also provide copies of the "Confidential" information designated in accordance with

this Protective Order. After receipt of such re-designated information, the "Confidential" information shall be treated as required by this Protective Order, and the Receiving Party shall promptly, but in no event more than fourteen (14) days from the receipt of the re-designated information, return to the Designating Party all previously produced copies of the same unlegended documents or things. The parties may agree to alternative means. The Receiving Party shall receive no liability, under this Protective Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. The challenging Party must give the Designating Party an opportunity of not less than ten (10) days to review the designated material, to reconsider the circumstances, and, if no change in the designations is offered, to explain in writing the basis for being able to meet its burden concerning the chosen designations. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.2 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements and attaches the justification for the confidentiality designation that was given by the Designating Party. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a third-party in connection with this case solely for the limited purposes of prosecuting, defending, attempting to settle, or settling this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) The parties to this action and the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation. Counsel of Record shall be responsible for advising all of their staff of the existence of, and their confidentiality obligations under, the Protective Order, and shall be responsible for any non-compliance with the Protective Order by members of their staff that have not signed an agreement to be bound by the Protective Order;

(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined herein) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) During their depositions or at trial, witnesses in the action to whom disclosure is reasonably necessary. Witnesses will not be permitted to retain copies of confidential information unless they have signed or agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit A). Upon request of a Designating Party, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) The author of the document or the original source of the information and recipients or addressees in the normal course of business.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" the Receiving Party must so notify the Designating Party, in writing (by fax or email if possible) immediately and in no event more than seven (7) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must within ten (10) days inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order and deliver to such party a copy of this Protective Order. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately and within not more than seven (7) days (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures

were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. PUBLICLY AVAILABLE OR PREVIOUSLY POSSESSED INFORMATION

The restrictions in the preceding paragraphs regarding disclosure of Protected Material do not and shall not apply to information or material that: was, is, or becomes public knowledge in a manner other than by violation of this Protective Order; is acquired by the non-designating party from a third-party having the right to disclose such information or material; or was lawfully possessed by the non-designating party before the date of this Protective Order. The Designating Party shall act in good faith to notify the Receiving Party of any change in circumstances that renders Confidential Information or Items no longer confidential within a reasonable time period after the change becomes known to the Designating Party.

11. FILING PROTECTED MATERIAL

The parties shall comply with Civil L.R. 79-5 that states that a party authorized by statute, rule or Court order to file a document under seal must lodge the document with the Clerk in accordance with this rule. No document shall be filed under seal except pursuant to a Court order that authorizes the sealing of the particular document or portion thereof and is narrowly tailored to seal only that material for which good cause to seal has been established. Any order sealing any documents shall direct the sealing of only those documents, pages, or if practicable, those portions of documents or pages that contain the information requiring confidentiality. All other portions of such documents shall be included in the public file. The parties shall further comply with the format requirements and all other requirements set forth in Civil L.R. 79-5. Unless otherwise agreed by the parties to permit service by some other means such as by email or facsimile, copies of any pleading, brief or other document containing Protected Material that is served on opposing counsel shall be delivered in a sealed envelope stamped:

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

And shall be treated in accordance with the provisions of this Protective Order.

12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days of a written request, after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

13. MISCELLANEOUS

13.1 Modification. The parties may modify this Protective Order by written agreement, subject to approval by the Court. The Court may modify this Protective Order.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

13.3 Privileges Not Waived. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13.4 Third Party Protections. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written notice to the parties' respective counsel or by oral notice at the time of any deposition or similar proceeding.

13.5 Obligations to Third Parties. Nothing herein shall operate to relieve any party or non-party from any pre-existing confidentiality obligations currently owed by any party or non-party to any other party or non-party; any production of material in this action shall remain subject to and without waiving any such pre-existing obligations, and all information subject to such obligations shall be designated "Confidential" under the terms of this Protective Order.

13.6 This stipulation for the order was adopted from a form and provisions were included, excluded and modified based on interrelated negotiations that were specific to the facts and circumstances of this case. Neither the use of the form nor the inclusion, exclusion or modification of any term in this document is to be argued or used to construe a precedent or consent to the use or exclusion of the form, or any provision, against the parties or their counsel in any other case involving different parties.

WHEREAS, the respective parties agree to the foregoing terms, IT IS SO STIPULATED.

Dated: November 7, 2005

Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Jenny L. Dixon
JENNY L. DIXON

Attorneys for Defendants
OMNIVISION TECHNOLOGIES, INC.,
SHAW HONG, RAYMOND WU,
H. GENE McCOWN and JOHN T. ROSSI

Dated: November 7, 2005

MILBERG WEISS BERSHAD &
SCHULMAN LLP

By: /s/ Jeff S. Westerman
JEFF S. WESTERMAN

Lead Counsel for Plaintiffs

I, Jenny L. Dixon, am the ECF User whose identification and password are being used to file this STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY. In compliance with General Order 45.X.B, I hereby attest that Jeff S. Westerman has concurred in this filing.

Dated: November 7, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Jenny L. Dixon
Jenny L. Dixon

Attorneys for Defendants

**~~[PROPOSED]~~ ORDER**

For good cause appearing, the foregoing stipulation regarding confidentiality is approved. IT IS SO ORDERED.

Dated: November 9 , 2005

By: ______________________
Hon.
Unite

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Judge Samuel Conti

Case 3:04-cv-02297-SC Document 156 Filed 11/07/2005 Page 13 of 14

EXHIBIT A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, __________________, have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on ____________________, 2005 in the case of *In re Omnivision Technologies Securities Litigation*, Master File No. C-04-2297 SC (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ______________________________

City and State where signed: ________________________

Printed name: ________________________
[printed name]

Address: ___________________________

Signature: __________________________
[signature]

EXHIBIT B

COMPETITORS

Agilent
Canon
Cypress
ESS
Foveon
Fuji
Fujitsu
Kodak
Intel
MagnaChip
Matsushita
Micron
NEC
PixArt
Pixelplus
Pixim
Samsung
Sanyo
Sharp
Sony
STMicroelectronics
Toshiba