UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re OMNIVISION TECHNOLOGIES, INC. <br><br> ──────────────────────────────── <br> This Document Relates To: <br> 04-2297-SC (*Vince*); 04-2298–SC (*Campagnuola*); 04-2385-SC (*Greenfield*); 04-2410-SC (*Paul Lee Associates LLC*); 04-2419-SC (*McMillan*); 04-2425-SC (*Cheung*); 04-2433-SC (*Gamero*); 04-2474-SC (*Van Waay*); 04-2514-SC (*Glantz*); 04-2525-SC (*Starr*); 04-2570-SC (*Jewell*); and 04-4350-SC (*Schroeder*). | MASTER FILE NO.:  C-04-2297 SC (JCS) <br><br> CLASS ACTION <br><br> [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, a consolidated class action is pending before the Court entitled *In re OmniVision Technologies, Inc.*, Master File No. C- 04-2297 SC (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of May 14, 2007 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a settlement class and the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Litigation is hereby certified as a class action on behalf of all Persons who purchased or acquired OmniVision common stock between June 11, 2003 and June 9, 2004, inclusive. Excluded from the Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current or former directors and officers of OmniVision, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity.

3.  The Court finds, for purposes of this Settlement only, that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives

1  are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Lead
2  Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of
3  law and fact common to the members of the Class predominate over any questions affecting only
4  individual members of the Class; and (f) a class action is superior to other available methods for the
5  fair and efficient adjudication of the controversy.

6      4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this
7  Settlement only, this Court hereby certifies Lead Plaintiffs Ken Churchill as Trustee for the
8  Churchill Family Trust, Gerald A. Madore, Rocco Peters and Michael J. Hannan on behalf of Coyote
9  Growth Management as Class Representatives.

10      5.    A hearing (the "Settlement Hearing") shall be held before this Court on 9/7/07 ,
11  2007, at 10:00 a .m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco,
12  California, to determine whether the proposed settlement of the Litigation on the terms and
13  conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be
14  approved by the Court; whether a Judgment as provided in ¶1.12 of the Stipulation should be entered
15  herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of
16  fees and expenses that should be awarded to Lead Counsel.  The Court may adjourn the Settlement
17  Hearing without further notice to Members of the Class.

18      6.    The Court reserves the right to approve the Settlement with or without modification
19  and with or without further notice of any kind.  The Court further reserves the right to enter its
20  Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice
21  regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and
22  expenses.

23      7.    The Court approves, as to form and content, the Notice of Pendency and Proposed
24  Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of
25  Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and
26  finds that the mailing and distribution of the Notice and the publishing of the Summary Notice
27  substantially in the manner and form set forth in this Order meets the requirements of Federal Rule
28

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE    -2-
MASTER FILE NO.:  C-04-2297 SC (JCS)
DOCS\404070v1

of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

       8.      The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

       (a)      Not later than __June 15__, 2007 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

       (b)      Not later than __June 25__, 2007, Lead Counsel shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and transmitted over *Business Wire*; and

       (c)      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

       9.      Nominees who purchased or acquired OmniVision common stock between June 11, 2003 and June 9, 2004, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such OmniVision common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
MASTER FILE NO.: C-04-2297 SC (JCS)
DOCS\404070v1
-3-

10. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

11. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than thirty (30) days from the Settlement Hearing. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

12. Any Person who desires to request exclusion from the Class shall submit to the Claims Administrator a request for exclusion ("Request for Exclusion") in written form by first class mail postmarked no later than __August 14__, 2007 to the address designated in the Notice. A Request for Exclusion must clearly indicate the name, address and telephone number of the Person seeking exclusion, that the Person requests to be excluded from the Class in the OmniVision Securities Litigation, and must be signed by such Person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of OmniVision common stock during the Class Period. The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

13. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

14. Pending final determination of whether the settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity,

shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

15.     Any Member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has filed written objections and copies of any papers and briefs in support thereof with the Clerk of the United States District Court for the Northern District of California, on or before <u>August 14</u>, 2007 and copies of those written objections, papers and briefs are served (delivered by hand or sent by first class mail) on the following counsel:  Milberg Weiss & Bershad LLP, Jeff S. Westerman, One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, CA  90071 for the Class and Wilson Sonsini Goodrich & Rosati, P.C., Douglas J. Clark, 650 Page Mill Road, Palo Alto, California 94304 for the Defendants.  Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

16.     Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE
MASTER FILE NO.:  C-04-2297 SC (JCS)
DOCS\404070v1

-5-

may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All papers in support of the settlement, the Plan of Allocation, and the application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

19. Neither Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

20. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

21. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

22. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

23. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further

1  applications arising out of or connected with the proposed settlement.  The Court may approve the

2  settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

3  without further notice to the Class.

4      24.    If: (a) the Settlement is terminated by Defendants pursuant to ¶ 7.7 of the Stipulation;

5  or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead

6  Counsel or Defendants' Counsel elect to terminate the Settlement as provided in ¶ 7.3 of the

7  Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this

8  Preliminary Order certifying the Class and the Class Representatives for purposes of the Settlement

9  shall be null and void, of no further force or effect, and without prejudice to any party, and may not

10 be introduced as evidence or referred to in any actions or proceedings by any person or entity, and

11 each party shall be restored to his, her or its respective position as it existed prior to November 22,

12 2006.

13 DATED: _May 25, 2007_____

14 



THE HONORABLE SAMUEL CONTI
UNITED STATES DISTRICT JUDGE

15 Submitted by:

16 MILBERG WEISS & BERSHAD LLP
JEFF S. WESTERMAN

17 One California Plaza
300 S. Grand Avenue, Suite 3900

18 Los Angeles, CA 90071
Telephone: (213) 617-1200

19 Facsimile: (213) 617-1975

20 Lead Counsel for Plaintiffs

21 WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

22 DOUGLAS J. CLARK
JARED L. KOPEL

23 KELLEY E. MOOHR
CAMERON P. HOFFMAN

24 650 Page Mill Road

25 Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300

26 Facsimile:   (650) 565-5100

27 JENNY L. DIXON

28 One Market Street, Spear Tower

[PROPOSED] ORDER PRELIMINARILY APPROVING     -7-
SETTLEMENT AND PROVIDING FOR NOTICE
MASTER FILE NO.: C-04-2297 SC (JCS)
DOCS\404070v1

1  Suite 3300
   San Francisco, CA  94105
2  Telephone: (415) 947-2000
   Facsimile: (415) 947-2099
3
   Counsel for Defendants
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING       -8-
SETTLEMENT AND PROVIDING FOR NOTICE
MASTER FILE NO.:  C-04-2297 SC (JCS)
DOCS\404070v1

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, I am employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071.

2. That on May 22, 2007, declarant served the [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

4. That on the above date, declarant served via e-mail to: scac@law.stanford.edu.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of May, 2007, at Los Angeles, California.

*/s/ Faith Farina*
FAITH FARINA

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE
MASTER FILE NO.: C-04-2297 SC (JCS)
DOCS\404070v1

# OMNIVISION
## SERVICE LIST

*Counsel for Plaintiffs*

| | |
|---|---|
| Jeff S. Westerman<br>Cheryl A. Williams<br>Elizabeth P. Lin<br>Michiyo Michelle Furukawa<br>MILBERG WEISS & BERSHAD LLP<br>One California Plaza<br>300 S. Grand Avenue, Suite 3900<br>Los Angeles, CA 90071<br>Telephone: (213) 617-1200<br>Facsimile: (213) 617-1975 | Eric T. Chaffin<br>Rick M. Barreca<br>SEEGER WEISS LLP<br>One William Street<br>New York, NY 10004<br>Telephone: (212) 584-0700<br>Facsimile: (212) 584-0799 |
| Daniel C. Girard<br>Jonathan K. Levine<br>Aaron M. Sheanin<br>GIRARD GIBBS LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846 | Charles J. Piven<br>BROWER PIVEN,<br>  A PROFESSIONAL ASSOCIATION<br>The World Trade Center-Baltimore<br>401 East Pratt Street, Suite 2525<br>Baltimore, Maryland 21202<br>Telephone: (410) 332-0030<br>Facsimile: (410) 685-1300 |
| Thomas J. McKenna<br>GAINEY & MCKENNA<br>295 Madison Avenue, 4th Floor<br>New York, NY 10017<br>Telephone: (212) 983-1300<br>Facsimile: (212) 983-0383 | |

*Counsel for Defendants*

| | |
|---|---|
| Jenny L. Dixon<br>WILSON SONSINI GOODRICH & ROSATI<br>One Market, Spear Tower, Suite 3300<br>San Francisco, CA 94105<br>Telephone: (415) 947-2000<br>Facsimile: (415) 947-2099 | Douglas J. Clark<br>Jared L. Kopel<br>Cameron P. Hoffman<br>Kelley E. Moohr<br>WILSON SONSINI GOODRICH<br>  & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 493-6811 |

*Attorney for Omnivision Technologies, Inc., Shaw Hong, John T. Rossi, H. Gene McCown, and Raymond Wu.*

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE
MASTER FILE NO.: C-04-2297 SC (JCS)
DOCS\404070v1